

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-MJ-2119 |
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| KENNETH MICHAEL HOLLEY, | |
| Defendant. | |

I.

On April 14, 2025, Defendant Kenneth Michael Holley Jr., made his initial appearance on the criminal complaint filed in this case. Defendant was represented by retained counsel, James Blatt. The government was represented by Assistant U.S. Attorney ("AUSA") Kelly Stinson. A detention hearing was held.

☐   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒   On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)]

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Unverified background information

☒ use of multiple name variations, aliases and identifiers

☒ Criminal History includes failures to appear

As to danger to the community:

☒ Seriousness of allegations in the criminal complaint which include forcing elderly victims to withdraw large amounts of cash from their bank accounts under threat of harm. After defendant's arrest for robbery and release in February 2011, Defendant is alleged to have engaged in the same offense conduct with another elderly victim on March 17, 2025.

☒ Significant and extensive criminal history including misdemeanor and felony convictions for theft, firearms, false identification, drugs, driving under the influence, burglary, contempt, willful cruelty to child, disorderly conduct, and extensive law enforcement contacts, including for parole violations and failures to appear.

☒ History of parole/probation violations

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal

for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: April 14, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE